United States District Court
Southern District of Texas
**ENTERED**
September 18, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SAIDA KENEBAEVA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-072 |
| | § | |
| TODD M. LYONS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner Saida Kenebaeva is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain her without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).

Respondents moved for summary judgment as to Petitioner's claims. (MSJ, Doc. 8; Response, Doc. 9)

A Magistrate Judge recommends that the Court grant summary judgment in Respondents' favor. (R&R, Doc. 11) Petitioner objects to the Report and Recommendation, arguing that the Report and Recommendation fails to consider Petitioner's arguments under the Due Process Clause of the Fifth Amendment, and that Petitioner's rights under that provision entitle her to a bond hearing. (Objections, Doc. 12)

When a party objects to a Report and Recommendation, the district court applies *de novo* review as to the objected-to portions of the Report and Recommendation. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

The Court has considered Petitioner's objections, but disagrees with her arguments. The Court has previously considered and rejected similar arguments. *See, e.g., Makhmudov v. Lyons*, No. 1:26-CV-024, 2026 WL 879392, at *1 (S.D. Tex. Mar. 31, 2026) (citing *Zuniga v. Lyons*, 814

F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25- CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26- CV00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); and *Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024)). Additionally, the Court finds the reasoning of other district courts in denying relief to be persuasive. *See, e.g., Castellano v. Strong*, No. 6:26-CV-125-H, __ F.Supp.3d __, 2026 WL 2225137, *6 (N.D. Tex. Aug. 3, 2026) ("The Due Process Clause does not require the United States to release aliens in ongoing removal proceedings after a certain period of time.").

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive. For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate her due process rights under the Fifth Amendment.

For these reasons, the Court **OVERRULES** Petitioner Saida Kenebaeva's objections to the Report and Recommendation (Doc. 11), which the Court **ADOPTS**. As a result, it is:

**ORDERED** that Respondents' Motion for Summary Judgment (Doc. 8) is **GRANTED**; and

**ORDERED** that Petitioner Saida Kenebaeva's Petition for a Writ of Habeas Corpus (Doc. 1) is **DENIED**.

Each party shall bear its own fees and costs.

This is a final and appealable order.

The Clerk of Court is directed to close this case.

Signed on September 18, 2026.

Fernando Rodriguez, Jr.

Fernando Rodriguez, Jr.
United States District Judge